UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
……………………………………………………………………….………x

CARINE BRETOUS

                    Plaintiff,          Civ. Action No.

    -against-

                                         **COMPLAINT**

THE PAVILLION AT QUEENS FOR
REHABILITATION AND NURSING           **JURY TRIAL IS REQUESTED**

                    Defendant.

……………………………………………………………………………………….x

      Plaintiff, Carine Bretous, by her attorney, Albert Van-Lare, Esq., complaining of the Defendant alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction lies in this Court pursuant to 28 USC § 1331.

2. Venue is proper in this court pursuant to 28 USC § 1391.

3. State law matters in this complaint are brought pursuant to this court's supplemental jurisdiction to decide state law matters.

### PARTIES

4. Plaintiff Carine Bretous is an employee of Defendant .

5. Defendant, The Pavilion at Queens for Rehabilitation and Nursing is Plaintiff's employer and have its principal offices in Queens New York

### FACTUAL ALLEGATIONS

6. Plaintiff has been employed by the Defendant for several years.

7. The Plaintiff has performed her job meritoriously.

8. Defendant's Director, Barbara Wilmot and other supervisors frequently and for no reasonable reasons questioned and complained about Plaintiff's use of religious observance day.

1

9. Plaintiff is a Jehovah witness by religious belief.

10. Plaintiff was granted a special schedule on Sundays to observe her religion by the previous nursing administration director that preceded Barbara Wilmot.

11. The Plaintiff was constantly harassed and challenged by Barbara Wilmot whenever she used her day of observance. Her use of Religious observance was constantly recorded as a no call, no show by Director Wilmot

12. Barbara Wilmot told Plaintiff that she needs to work on Sundays like the other staff and that there was no need for her to avoid work on Sundays. Wilmot told other employees that nobody knows Bretous schedule because she is on religious observance . She does what she wants.

13. Wilmot would constantly refer to Bretous' Haitian origin while discussing matters relating to the job with her even where such discussions did not involve national origin.

14. Wilmot and others would make statements mocking Plaintiff's Haitian accent. Wilmot told Plaintiff that Haitians are too stubborn and like to argue. Plaintiff was also told that this is not Haiti and that she should do what she is told or be terminated.

15. Plaintiff was subjected to retaliation and hostile work environment because she was written up and disciplined on numerous occasions with the director referring to her request for religious holidays as the reason why she needs to do things right.

16. By referring to Plaintiff's request for religious accommodations while instituting discipline against her the Defendant's director engaged in discrimination against Plaintiff and also engaged in retaliation and hostile work environment.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Paragraphs 1 thru 16 are realleged as if set forth herein verbatim and incorporated by reference.

18. Defendant violated Plaintiff's rights under Article 15 of the New York Executive Law, New York Executive Law Section 296 by engaging in unlawful discriminatory practices against Plaintiff.

19. Defendant discriminated against Plaintiff because of her national origin religion, when she was subjected to unlawful discriminatory practices. The Defendant also subjected Plaintiff to hostile work environment and retaliation in violation of Article 15 of the NY Executive Law.

20. The Defendant subjected Plaintiff to Retaliation and hostile work environment.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Paragraphs 1 thru 20 are realleged as if set forth herein verbatim and incorporated by reference.

22. Plaintiff was damaged by Defendant's ongoing actions that denied her equal terms and conditions of employment as set forth above, in violation of section 8-107.1 of the Administrative Code of the City of New York.

23. Defendant violated Plaintiff's rights pursuant to section 8-107.1 of the Administrative Code of the City of New York when they engaged in discrimination against Plaintiff because of Plaintiff's national origin and religion.

24. Defendant also subjected Plaintiff to retaliation and hostile work environment.

## AS AND FOR A THIRD CASE OF ACTION

25. Paragraphs 1 thru 24 are realleged as if set forth herein verbatim and incorporated by reference.

26. Plaintiff was damaged by Defendant's ongoing actions that denied Plaintiff equal terms and conditions of employment as set forth above, in violation of Title VII of The Civil Rights Act of 1964.

27. Defendant violated Plaintiff's rights as provided for in Title VII when they discriminated against her because of national origin and religion.

28. Defendant also subjected Plaintiff to retaliation and hostile work environment.

## **RELIEF**

WHEREFORE, Plaintiff demands the following relief, jointly and severally against the Defendant or as otherwise stated:

a. A Declaratory judgment that the conduct, practices, and acts complained of herein are discriminatory and illegal.

b. A Declaratory judgment that Plaintiff was discriminated against on the grounds of national origin and religion by Defendant.

c. An order granting damages totaling the greater of $2,000.000.00 or the amount to be proven at trial.

d. An Order by the Court taxing the costs of this action against Defendant, including Plaintiff's attorneys' fees incurred in the prosecution of this case.

e. An Order granting punitive damages against the Defendant.

f. Any and all further relief in law and equity deem necessary by the Court.

Dated: February 4, 2019

Respectfully submitted,

*[signature: Albert Van-Lare]*

Albert Van-Lare
The Law Offices of Albert Van-Lare
125 Maiden Lane
Suite 510
New York, NY 10038
(212) 608-1400