

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

June 14, 2021

Honorable Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**BY ECF**

          Re:    *Bretous v. The Pavilion at Queens for Rehabilitation and Nursing*
                Docket No. 19-CV-00696 (RJD)(RLM)
                File No. 190062

Dear Judge Dearie:

      We represent Defendant in this employment discrimination case. I write to ask the Court to allow Defendant to depose Plaintiff before the Court places this case on the trial-ready calendar.

      Plaintiff filed her complaint on February 7, 2019. On February 26, 2020, the parties had a settlement conference with Magistrate Judge Roanne L. Mann. At first, the case did not settle, and discovery proceeded haltingly during the COVID-19 lockdown. But the parties exchanged documents and interrogatories. The parties also exchanged correspondence about deposition dates. I suggested to Plaintiff's counsel that we defer the deposition until it became safe to do so. My client is a health care facility, and its staff had to deal with the pandemic. Plaintiff's counsel agreed.

      While we waited for life to return, Plaintiff's counsel mentioned settling. I contacted my clients, and in early July—before depositions—we agreed to settle. Under the impression that the parties reached a settlement, in July I sent Plaintiff's counsel a draft settlement agreement. Ultimately, Plaintiff refused to sign the agreement.[1]

      On January 29, 2021, we moved to enforce the settlement agreement. (Dkt. No. 38.) On April 30, 2021, Your Honor issued an Order denying Defendant's motion. (Dkt. No. 41.) Your Honor gave Plaintiff until May 14, 2021 to consider her position and stated, "Unless resolved, the case will be placed on the ready-trial calendar at the earliest practical date." (Dkt. No. 41.)

      I understand Plaintiff has not changed her mind and still wants to back out of the settlement.

---

[1] The Court likely is familiar with the chronology of settlement discussions from reading the papers in Defendant's motion to enforce the settlement. (Dkt. Nos. 38-40.)

SOKOLOFF STERN LLP

Hon. Raymond J. Dearie
June 14, 2021
Page 2 of 2

      This matter thus went from paper discovery during the lockdown to attempted settlement to the verge of trial without the opportunity to depose Plaintiff. Before making this application, I checked with Plaintiff's counsel; he does not want other discovery and he opposes this application.

      The Court has the power to allow us to depose Plaintiff. It will not delay the trial. Had there been no pandemic and no ostensible settlement with Plaintiff, I would have deposed Plaintiff by now. A deposition will enable the trier of fact to hear all the evidence at play surrounding the issues in this case.

      Thank you for your consideration of this matter.

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

BSS/--
cc:    All counsel

        **VIA ECF**